IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. CUNNINGHAM, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-1792-LPS |
| PROF-2013-S3 LEGAL TITLE TRUST II BY U.S. BANK NATIONAL BANK ASSOCIATION, AS LEGAL TITLE TRUSTEE, ORLANS LAW GROUP, et al., | : |
| Defendants. | : |

Joseph A. Cunningham, Jr., Bronx, New York. Pro Se Plaintiff.

Phillip Anthony Giordano, Esquire, Gordon, Fournaris & Mammarella, P.A., Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

March 10, 2020
Wilmington, Delaware

[signature]

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Joseph A. Cunningham, Jr. ("Plaintiff") appears *pro se* and has been granted leave to proceed *in forma pauperis*.[1] (D.I. 4) Defendants Prof-2013-S3 Legal Title Trust II by U.S. Bank National Association, as Legal Title Trustee (the "Trust"), and Fay Servicing, LLC ("Fay") (together "Defendants") have filed a motion to dismiss. (D.I. 7) The Court will consider the motion and will also review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

As he has done before, Cunningham attempts to raise claims related to the foreclosure of real property located at 247 Auckland Drive in Newark, Delaware. *See* Civ. Nos. 13-756-SLR, 15-356-LPS, 17-035-LPS, 18-596-LPS. This time, he invokes: (1) 31 U.C.S. § 5118(d), which states that obligations requiring repayment in gold and issued after October 1977 are satisfiable by United States coin or currency that is legal tender at the time of repayment; (2) 12 U.S.C. § 1831n(a), which governs the activities of insured banks and requires all federally-insured banks to follow General Accepted Accounting Principles; (3) the Truth in Lending Act; (4) Fed. R. Civ. P. 36, relating to requests for admissions; (5) the Fair Debt Practices Act, Consumer Protection Act, and/or the Consumer Credit Protection Act, 15 U.S.C. §§ 1601, 1693; (6) the International Bill of Exchange of 1933m (presumably the Convention on International Bills of Exchange) and 31 U.S.C. §§ 392, 5103;[2] (7) violations of the Internal Revenue Service code; and (8) violations of U.S. Securities and Exchange Commission authorities.

---

[1] On January 3, 2019, Plaintiff El Cunningham Butler, Bozeman Heirs Fam Trust (the "Trust") was dismissed without prejudice for failure to comply with the Court's November 27, 2018 order. (*See* D.I. 5)

[2] The federal code does not contain a statute under 31 U.S.C. § 392. Section 5103 provides that "United States coins and currency (including Federal reserve notes and circulating notes of Federal

1

As discussed in *Cunningham v. JP Morgan Chase Bank*, Civ. No. 13-756-SLR, Cunningham is the executor of the estate of his father, Joseph Cunningham, Sr. The property at issue was owned by the decedent. The decedent received a loan from Weichert Financial and the loan was sold or transferred to J. Morgan Chase Bank National Association ("JP Morgan"). The Court takes judicial notice that on November 26, 2012, JP Morgan filed a *scire facias sur mortgage* complaint against Cunningham and the heirs of his father in the Superior Court of the State of Delaware in and for New Castle County, C.A. No. N12L-11-093 CLS at BL-1.[3] *See J. Morgan Chase Bank Nat'l Assoc. v. Cunningham*, 2018 WL 501500 (Del. Super. Jan. 19, 2018). On June 5, 2018, the Superior Court entered an order and granted JP Morgan's motion to substitute parties, retroactive to December 31, 2016, thereby removing JP Morgan as Plaintiff and substituting the Trust as the Plaintiff. *Id.* at BL-139. The Trust is one of two defendants in this action. When the mortgage was assigned to the Trust, Fay became the servicer of the loan. On January 19, 2018, summary judgment was granted in favor of JP Morgan in Superior Court. C.A. No. N12L-11-093 CLS at BL-128, *aff'd*, 2018 WL 4959040 (Del. Oct. 12, 2018). The property was scheduled for a Sheriff's sale on January 8, 2019. *Id.* at BL-151. However, on December 28, 2018, the sale was stayed due to Plaintiff's Bankruptcy, Case No. 18-14133.[4] *Id.* On November 12, 2019, the property was sold at Sheriff's Sale and the Sheriff's Return was docketed on January 14, 2020. *Id.* at BL-160. To date, the sale has neither been confirmed, nor set aside.

In the instant Complaint, Plaintiff alleges that State Court judges violated their oath of office by holding unfair and impartial proceedings. (D.I. 2 at 5, 8) Plaintiff alleges wrongful foreclosure

---

reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts." 31 U.S.C. § 5103.

[3] "BL" is the designation used by Bloomberg law for court docket entries.

[4] Plaintiff's bankruptcy is currently on appeal in the United States Court of Appeals for the Second Circuit, *In re Cunningham*, No. 19-4287 (2d Cir. Dec. 20, 2019).

occurred because his deceased father's note was sold to a "warehousing institution" at closing and, when the decedent entered into the mortgage agreement, the note had already been sold in an "illegal third-party transaction." (*Id.* at 6) Plaintiff alleges that, consequently, the loan should carry a zero balance, and it should have been fully paid off by the "illegal third-party" and/or "warehousing" transaction. (*Id.* at 6-7) Plaintiff alleges that because the loan carries a zero balance, he "does not have a liability [on the loan]," and Defendants have no right to collect on the loan or bring a foreclosure action. (*Id.* at 7) In addition, Plaintiff alleges that he has the right to rescind his father's signature and seeks $2 million in damages as a means of "recouping the proceeds of [his father's] investment." (*Id.*) Finally, Plaintiff seeks recusal of the undersigned Judge. (D.I. 5)

## III. RECUSAL

Plaintiff requests and demands that the undersigned Judge recuse "from any exposure handling of this complaint." (D.I. 2 at 5) Plaintiff claims that the Court has violated his due process rights in other cases he has filed (as have, allegedly, State Court judges).

A judge is required to recuse "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve extrajudicial factor). Hence, "judicial rulings alone almost never constitute a

3

valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune." *Id.* at 555-56.

It is evident that Plaintiff takes exception to the Court's prior rulings and this serves as his basis to seek recusal. A reasonable, well-informed observer could not believe that the rulings were based on impartiality, bias, or actual prejudice. Nor do the rulings demonstrate the Court acting in such manner when ruling in the cases wherein Plaintiff is a party. After careful and deliberate consideration, the undersigned concludes that the Court has no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question the Court's impartiality. In light of the foregoing standard and after considering Plaintiff's assertions, there are no grounds for recusal under 28 U.S.C. § 455. Therefore, the Court will deny Plaintiff's request.

## IV. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

4

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). A court that considers whether an action is malicious must determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Repetitive litigation is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. Sept. 26, 2013).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## V. DISCUSSION

### A. Maliciousness

A court considering whether an action is malicious must determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch*, 67 F.3d at 1086. Repetitive litigation is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. *See Fiorani*, 547 F. App'x at 105. "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and alteration omitted); *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (complaint is malicious when it "duplicates allegations of another . . . federal lawsuit by the same plaintiff"); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (*in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under authority of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of

6

another pending federal lawsuit by the same plaintiff or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation").

The instant Complaint contains claims that arise out of a common nucleus of operative facts and are related to *Cunningham v. JP Morgan Chase Bank*, Civ. No. 13-756-SLR, wherein Plaintiff raised claims related to the foreclosure of the real property described above. On July 2, 2013, this Court dismissed Civ. No. 13-756-SLR as frivolous and by reason of abstention. (*See* Civ. No. 13-756-SLR D.I. 14) Plaintiff appealed, and the United States Appellate Court of Appeals for the Third Circuit affirmed, agreeing that *Younger* abstention was appropriate in Plaintiff's case. *See Cunningham v. JP Morgan Chase Bank*, 537 F. App'x 44 (3d Cir. Oct. 21, 2013).

The instant Complaint also contains claims that arise out of a common nucleus operative facts and are related to *Cunningham v. Mortgage Contracting Services*, Civ. No. 15-356-LPS, wherein Plaintiff raised claims related to the foreclosure of the real property described above. This Court dismissed Civ. No. 15-356-LPS as malicious and by reason of abstention on July 30, 2015. (*See* Civ. No. 15-356-LPS D.I. 6) Plaintiff appealed, and the United States Appellate Court of Appeals for the Third Circuit affirmed, agreeing that *Younger* abstention was appropriate in Plaintiff's case. *See Cunningham v. Mortgage Contracting Services*, 634 F. App'x 361 (3d Cir. Feb. 22, 2016).

The filing of the instant Complaint falls squarely in the category of malicious litigation. Based upon the foregoing, the Court concludes that Plaintiff's complaint is malicious within the meaning of Section 1915(e)(2)(B).

Plaintiff is placed on notice that should he continue to file lawsuits related to the foreclosure of real property located at 247 Auckland Drive in Newark, Delaware, this Court has the power to enjoin him from filing meritless pleadings where the pleadings raise issues identical or similar to those that have already been adjudicated. *See* 28 U.S.C. § 1651; *Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989); *Yadav v. Surtees*, 87 F. App'x 271 (3d Cir. Jan. 27, 2004).

## B. *Younger* Abstention

In Civ. No. 13-756-SLR, JP Morgan indicated that, on November 26, 2012, it initiated a foreclosure action for the real property in question in the Superior Court of the State of Delaware, *JP Morgan Chase Bank, National Association v. Cunningham*, C.A. No. N12L-11-093 JRJ. (*See* Civ. No. 13-756-SLR, at D.I. 9 at Wiggins aff. ¶ 10; Ex. H) Plaintiff is participating in the action on behalf of his father's estate. (*Id.* at ¶ 11; Ex. I) The Court takes judicial notice that the Superior Court action remains pending. While there has been a Sheriff's sale, there is no indication on the Superior Court docket that the Superior Court has confirmed the sale. *See* 10 Del. C. §§ 4976, 5065; Superior Court Civil Rule 69(d).

Inasmuch as the foreclosure action remains pending, the Court must abstain pursuant to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal district court must abstain from hearing federal case which interferes with certain state proceedings). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions. *See Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

Once again, the Court finds that the *Younger* elements have been met and none of the doctrine's exceptions apply. There are ongoing state proceedings for the foreclosure of real property. *See Cunningham v. JP Morgan Chase Bank*, 537 F. App'x at 45. Delaware has an important interest in resolving real estate issues, implicating the important interest of preserving the authority of the state's judicial system. *See id.* Plaintiff has an adequate opportunity to raise any potential claims in State court. Further, Plaintiff "has not demonstrated 'bad, faith, harassment or some other

8

extraordinary circumstance, which might make abstention inappropriate.'" *Id.* (quoting *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003)). Therefore, pursuant to *Younger* and its progeny, the Court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after plaintiffs failed to raise their federal claims in ongoing state proceedings).

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's request for my recusal; (2) dismiss the Complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and by reason of abstention; and (3) grant Defendants' motion to dismiss. The Court finds amendment futile.

An appropriate order will be entered.